UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alcides Agustin Monge, | ) C/A No. 4:14-2747-RBH-TER |
|                       Plaintiff, | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| Myrtle Beach PD, Horry County Jail, J. Reuben Long Detention Center, Tom Fox, Director Sheriff's Department and Warden David Robinson, | ) |
|                       Defendants. | ) |

The plaintiff, Alcides Agustin Monge ("Plaintiff"), a self-represented prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff files this action in forma pauperis under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

Plaintiff indicates that in 2007 he was arrested by the Myrtle Beach Police Department and charged with certain crimes including breaking into auto or tanks where fuel stored and receiving stolen goods. He indicates he was convicted and sentenced on the receiving stolen goods charge. Subsequently, he alleges that in 2011, he was detained on a Burglary Scond charge which he suggests is related to the previous receiving stolen goods charge. He then indicates that he was arrested in 2012 for "failure to appear after release for a felony statute" and alleges he was falsely imprisoned for nine days. Plaintiff seeks monetary damages. (ECF No. 1.).

1

## DISCUSSION

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995) ( en banc ); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2) (B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338; Allison v. Kyle, 66 F.3d 71 (5th Cir.1995).

This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978),

2

and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

B.    Analysis

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R.

Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." The Horry County Jail and the J. Reuben Long Detention Center are groups of buildings or facilities. Inanimate objects (such as buildings, facilities, and grounds) do not act under color of state law. Hence, the Horry County Jail and/or the J. Reuben Long Detention Center are neither one a "person" subject to suit under 42 U.S.C. § 1983. *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Similarly, the Complaint fails to state a claim upon which relief may be granted as to Defendant Myrtle Beach Police Department because it is well-settled that a defendant in a § 1983 action must qualify as a "person." The Myrtle Beach Police Department, a local police department, is an instrumentality of a municipality-not an independent entity-and thus not a "person" within the meaning of § 1983. Terrell v. City of Harrisburg Police Dep't, 549 F.Supp.2d 671, 686 (M.D.Pa.2008) ("It is well-settled that police departments operated by municipalities are not 'persons' amenable to suit under § 1983."); Petaway v. City of New Haven Police Dep't, 541 F.Supp.2d 504, 510 (D.Conn.2008) ("[A] municipal police department is not subject to suit under section 1983 because it is not an independent legal entity."); Buchanan v. Williams, 434 F.Supp.2d 521, 529 (M.D.Tenn.2006) (concluding that "police departments are not 'bodies politic' " and therefore are not persons subject to action under § 1983). Accordingly, this defendant is also subject to summary dismissal from this action.

As previously noted, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir.1977).

    1.    Individual liability

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 679; Twombly, 550 U.S. at 555. The Complaint provides no factual allegations to demonstrate any personal involvement by Defendants Fox or Robinson during any of the events recited by Plaintiff. Therefore, these defendants are entitled to summary dismissal from the case for any individual capacity claims alleged by Plaintiff.

    2.    Supervisory liability

A claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Moreover, "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Plaintiff identifies defendant Fox as the Director of the Sheriff's Department, and Defendant Robinson as the "Warden of J. Reuben Long Detention Center." (ECF No. 1 at 3.) However, the instant Complaint provides no facts to demonstrate that Defendants Fox or Robinson were aware of or deliberately indifferent to any constitutional risk of injury to Plaintiff. Thus, even if the majority in Iqbal did not entirely dispense with the concept of supervisory liability in a § 1983 case, the instant Complaint provides no facts to proceed on such a theory under Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir.1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). In as much as Plaintiff sues Defendant Fox and Defendant Robinson in their respective supervisory capacity as Director of the Sheriff's Department or Warden of the Detention Center respectively, a § 1983 claim for supervisory liability cannot be based on the doctrine of respondeat superior or supervisory liability. Ashcroft v. Iqbal, 556 U.S. at 667, citing *Robertson v. Sichel*, 127 U.S. 507, 515–516 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligence, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). As the complaint fails to allege Defendant Fox or Defendant Robinson was personally involved in any alleged violation of Plaintiff's constitutional rights, and the Defendants' broad supervisory responsibilities in their respective positions do not impose supervisory liability under § 1983, the complaint fails to state a claim against either Defendant Fox or Defendant Robinson for a violation of a federal right under § 1983. Therefore, Defendants Fox and Robinson are also entitled to summary dismissal from this action for any supervisory liability

claims asserted by Plaintiff.

## V. CONCLUSION

For the foregoing reasons, it is recommended that the Complaint be summarily dismissed without prejudice and without issuance and service of process as to all Defendants.

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 7, 2014  
Florence, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).